UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRIENNA MARIE LUCAS-**
**WILLIAMSON,**

    **Plaintiff,**

v.                                     **Case No.: 8:18-cv-2641-T-17AAS**

**ANDREW SAUL, Deputy**
**Commissioner of Operations, Social**
**Security Administration,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Brienna Marie Lucas-Williamson moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. 22). Ms. Lucas-Williamson requests $8,534.63 in attorney's fees. (*Id.*). The Commissioner agrees fees should be awarded but opposes the amount Ms. Lucas-Williamson requests. (Doc. 23). Ms. Lucas-Williamson replied in opposition to the Commissioner's response. (Doc. 29).

The court may award attorney's fees under the EAJA upon a showing that: (1) the claimant is a prevailing party, (2) the government's position was not substantially justified, (3) the claimant's application was timely filed, (4) the claimant's net worth was less than $2 million when the complaint was filed, and (5) no circumstances make the award unjust. *See* 28 U.S.C. § 2412(d). The fee award must also be reasonable. 28 U.S.C. § 2412(d)(2)(A).

1

The Commissioner does not dispute that Ms. Lucas-Williamson satisfied all five requirements. (Docs. 23). The issue raised is the reasonableness of the hours claimed by Ms. Lucas-Williamson's counsel. (*Id.*). "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988). The court should exclude hours found to be "excessive, redundant, or otherwise unnecessary." *Resolution Trust Corp. v. Hallmark Builders Inc.*, 996 F.2d 1144, 1149 (11th Cir.1993).

The court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303. The court must exercise its independent judgment when reviewing a claim for hours reasonably expended. *Id.* at 1301-02. "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001).

Attorneys Carol Avard and Craig Polhemus represent Ms. Lucas-Williamson. Ms. Avard spent 2.0 hours in 2018 at an hourly rate of $202.50, for $405. (Doc. 22, p. 17). Ms. Avard spent 31.6 hours in 2019 at an hourly rate of $203.75, for $6,438.50. (*Id.*). Mr. Polhemus spent 6.0 hours in 2019 at an hourly rate of $203.75, for

2

$1,222.50. (*Id.* at pp. 17-18). An unnamed attorney spent 2.3 hours in 2019 at an hourly rate of $203.75, for $468.63. (*Id.*). In sum, Ms. Lucas-Williamson requests an award of $8,543.63 in attorney's fees, for 41.9 hours of legal work performed in 2018 and 2019. (*Id.*).

The issues in this appeal were not novel and were never decided by the court because the government requested the court reverse and remand the case. (Doc. 19). Even though the issues never required the court's consideration, in her 40-page portion of the draft joint memorandum, Ms. Lucas-Williamson argued that the ALJ committed reversible error by (1) improperly relying on a vocational expert's testimony that was inconsistent with the Dictionary of Occupational Titles; (2) improperly weighing a treating physician's opinions; (3) improperly evaluating Ms. Lucas-Williamson's subjective complaints; (4) reopening a prior application; (5) failing to find Ms. Lucas-Williamson met listing 12.05; and (6) lacking authority to decide the case. (Doc. 23-2). Although Ms. Lucas-Williamson raised six issues, four issues consisted of two to three-page arguments. (*Id.*). The other two issues required approximately five pages of argument each. (*Id.*). Thus, 41.9 hours is excessive and should be reduced. *See Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717 (M.D. Fla. Nov. 8, 2013) (stating that "an award in excess of thirty hours is uncommon").

The hours billed also include clerical and non-compensable tasks. *See Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("[T]asks of a clerical nature are

3

not compensable as attorney's fees."). Clerical tasks include but are not limited to "reviews of the summons and the civil coversheet, preparation of the letter to the Clerk of Court with the federal filing package, receipt and reviews of emails, and creation of emails to the paralegal or co-counsel." *Ward v. Astrue*, No. 3:11-cv-523-J-TEM, 2012 WL 1820578, at *3 (M.D. Fla. May 18, 2012).

Ms. Lucas-Williamson is seeking attorney time for non-compensable tasks such as "Attorney rev. of Standing Order," "Attorney rev. of Related Case Order and Notice of Designation," and "Memorandum of Law emailed to defendant." (Doc. 22, pp. 17-18). *See Espino v. Comm'r of Soc. Sec.*, No. 6:14-cv-1185-ORL-TBS, 2015 WL 6705453, at *2 (M.D. Fla. Nov. 2, 2015) (finding similar tasks non-compensable); *Ward v. Astrue*, No. 3:11-cv-523-J-TEM, 2012 WL 1820578, at *3 (M.D. Fla. May 18, 2012) (same). Though these charges are minimal and so will not trigger a line-by-line critique of each billed task and the amount of time billed, these charges do signal an overall lack of billing judgment.

For these reasons, an across-the-board cut is appropriate. *See Garverick v. Comm'r of Soc. Sec.*, No. 2:15-cv-385-CM, 2017 WL 1838483, at *4 (M.D. Fla. May 8, 2017) (reducing attorney's fees hours by 35%); *Espino*, 2015 WL 6705453, at *2 (same). Ms. Lucas-Williamson's requested attorney's fees award of $8,534.63 should be reduced by 25% to $6,400.97, which is reasonable compensation for the work performed.

Finally, in the reply brief, Ms. Lucas-Williamson's counsel's requests another

$210.37 in fees, representing 1.1 hours spent on drafting the reply brief.  (Doc. 29, p. 3).  Counsel requested leave to file the reply brief and, in violation of the local rules, filed the reply brief in advance of the court permitting the additional brief.  (Doc. 24). Because the reply brief did nothing but repeat the arguments made in the opening brief and cite case law that could have been cited in the opening brief, counsel's request for additional attorney's fees should be denied.  *See Martin v. Comm'r of Soc. Sec.*, No. 6:17-cv-1974-ORL-KRS, 2018 WL 8578026, at *4 (M.D. Fla. Dec. 6, 2018) (denying counsel's request for fees for preparing a reply brief).

It is **RECOMMENDED** that Ms. Lucas-Williamson's Motion for Attorney's Fees (Doc. 22) be **GRANTED in part and DENIED in part**:

1) Ms. Lucas-Williamson should be awarded **$6,400.97** in attorney's fees.

2) The United States Department of the Treasury should determine whether Ms. Lucas-Williamson owes a debt to the government.  If Ms. Lucas-Williamson has no discernable federal debt, the government should accept Ms. Lucas-Williamson assignment of EAJA fees and pay the fees awarded directly to Ms. Lucas-Williamson's counsel.  (*See* Doc. 22, Ex. C).

3) All other requests should be **DENIED**.

**ENTERED** in Tampa, Florida on November 6, 2019.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. Section 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.